UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN W. DABBELT,

    Plaintiff,

v.                                            Case No.  6:12-cv-868-ORL-22TBS

WASHINGTON MUTUAL BANK,
JPMORGAN CHASE BANK, N.A., et al.,

    Defendants.
_____/

## ORDER

Pending before the Court is Plaintiff's Affidavit of Failure to Plead or Otherwise Defend in Support of Motion for Entry of Default (Doc. 9) which the Court construes as a motion for the entry of default against defendants, JP Morgan Chase Bank, N.A., Mortgage Electronic Recordation Systems, Inc., LaSalle Bank, N.A., Washington Mutual Bank, and WAMU Asset Mortgage Pass-Through Certificates, Series 2007-HY7 (the "Defendants").

Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 55(a) which states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

In his motion, Plaintiff states that examination of the court files and records shows the dates upon which Defendants were served with original process. (Doc. 9). However, Plaintiff not filed any returns of service and therefore, the Court is unable to determine if, or when, the Defendants were served. (Docket).

In addition, Defendants have appeared in this case through counsel who filed a motion for an enlargement of time within to respond to Plaintiff's complaint. (Doc. 3). In their motion, Defendants state that it is unclear whether they were properly served inasmuch as no proofs of service have been filed and accordingly, Defendants reserved their right to contest the sufficiency of service of process. (Id., FN 1). While the Court denied the Defendants' motion, it cannot be said that they have not appeared or otherwise sought to defend this action and therefore, the Clerk may not enter default against Defendants.

Accordingly, Plaintiff's Affidavit of Failure to Plead or Otherwise Defend in Support of Motion for Entry of Default (Doc. 9) is DENIED WITHOUT PREJUDICE. Defendants are hereby placed on notice that if they fail to defend this case then, upon proper application by Plaintiff, the Court may default them.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on August 1, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Plaintiff, pro se
    All Counsel